J-S31010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROGER HARPER, | : | |
| | : | |
| Appellant | : | No. 2541 EDA 2022 |

Appeal from the PCRA Order Entered September 7, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000416-2016

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 4, 2023**

Appellant, Roger Harper, appeals from the order entered September 7, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On a previous appeal, a panel of this Court summarized the relevant factual and procedural history of this case as follows.

> On the night of October 31, 2015, the body of Sharnise Sanders, the decedent, was discovered in Nicetown Park in Philadelphia. Police collected four fired cartridge cases at the scene. Sanders, who at the time was dating [Appellant], suffered gunshot wounds to the side of her head, her right eye and her right thigh. On November 7, 2015, Appellant was interviewed by Philadelphia police detectives at the Homicide Unit and admitted on video to shooting Sanders. Ballistics testing showed that the four fired cartridge casings recovered by police matched [Appellant's] gun.
>
> ***
>
> On January 13, 2017, [Appellant] pled guilty, pursuant to a negotiated plea agreement, to one count of murder of the third

degree (18 Pa.C.S.[A.] § 2502(c)) and one count of possessing an instrument of crime ("PIC") (18 Pa.C.S.[A. §] 907(a)). On that day, the [c]ourt imposed a sentence of 20 to 40 years['] incarceration for the third degree murder charge, with a consecutive sentence of [two and one half] to 5 years['] incarceration for the PIC charge, yielding the aggregate negotiated sentence of 22 [and one half] to 45 years[' incarceration. Appellant] did not file post-sentence motions [or a direct appeal].

[Appellant] filed a *pro se* [PCRA] petition . . . on February 2, 2018. Stephen T. O'Hanlon, Esquire was appointed to represent [Appellant] on May 16, 2018. On July 3, 2018, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), Mr. O'Hanlon filed a letter stating that there was no merit to [Appellant's] claims for collateral relief[.] On July 12, 2018, the [PCRA c]ourt issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intention to dismiss [Appellant's] petition without a hearing. [Appellant] submitted a response to the [c]ourt's 907 Notice ("907 Response") on July 26, 2018. In his 907 Response, [Appellant] claimed that his trial counsel was ineffective for failing to conduct adequate pre-trial investigation and for providing deficient advice regarding [Appellant's] guilty plea. On August 24, 2018, the [c]ourt dismissed [Appellant's] PCRA petition and granted Mr. O'Hanlon's motion to withdraw his appearance.

**Commonwealth v. Harper**, 2019 WL 3822527, at *1 (Pa. Super. Aug. 15, 2019) (most internal citations omitted). Because Appellant's notice of appeal was untimely, this Court quashed his appeal of the PCRA court's August 24, 2018 order on August 15, 2019. ***Id.***

On June 1, 2021, Appellant filed the instant PCRA petition, his second. On November 11, 2021, counsel entered his appearance on Appellant's behalf and subsequently filed an amended PCRA petition on April 26, 2022. On September 7, 2022, the PCRA court convened an evidentiary hearing during

which Appellant testified. *See* N.T. Hearing, 9/7/22, at 13-142. Thereafter, the PCRA court dismissed Appellant's petition. This timely appeal followed.

Appellant raises the following issue on appeal:

Did the PCRA court err and abuse its discretion by dismissing Appellant's PCRA [petition] given the newly discovered evidence of former Philadelphia Police Detective James Pitts' misconduct, which, if available to Appellant prior his conviction, would have changed the outcome of the case?

Appellant's Brief at 8 (superfluous capitalization omitted).

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" *Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted). "The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on February 13, 2017, at the expiration of the time for filing a direct appeal to this Court. *See* 1 Pa.C.S.A. § 1908 (when the last day of the 30–day appeal period falls on a weekend or legal holiday such day shall be omitted from the computation of time). As such, Appellant had until February 13, 2018, or one-year after his judgment of sentence became final, to file a timely PCRA petition. Appellant, however, did not file the current PCRA petition until June 1, 2021, more than two years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he satisfied the newly-discovered fact timeliness exception.

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Commonwealth v. Brown***, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

Appellant claims that the new "fact" he discovered was that Detective Pitts illegally coerced suspects and witnesses to provide statements to police. Appellant further argues that he filed the instant petition within one-year "of learning that . . . [Detective] Pitts[] was the subject of internal affairs investigations and had committed various acts of misconduct that involved coercing false confessions." Appellant's Amended PCRA Petition, 4/26/22, at *3-*4 (unpaginated).[1] Hence, according to Appellant, Detective Pitts' use of these tactics was a new "fact" that satisfied the newly-discovered fact exception to the PCRA's timeliness requirement.

_____

[1] Appellant failed to include any argument regarding his compliance with 42 Pa.C.S.A. § 9545(b)(2) in his appellate brief.

This argument fails, however, because Appellant concedes that he knew of Detective Pitts' use of these tactics prior to trial. In fact, the basis for Appellant's claim is that, during his police interview on November 7, 2015, Detective Pitts used unlawful interview tactics against him, resulting in Appellant's alleged involuntary confession. **See** Appellant's Brief at 18 (explaining that Appellant claimed that "Detective Pitts assaulted [him] on his way to the bathroom and coerced his confession"). Hence, Appellant failed to plead and prove that the fact upon which his claim was predicated was previously unknown. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.[2]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 4, 2023

---

[2] We note that Appellant, the Commonwealth, and the PCRA court erroneously applied the standard for after-discovered evidence, as opposed to the standard for the newly-discovered fact exception to the PCRA's timeliness requirement. This Court explained the difference between the two standards in **Brown**, **supra**. This error, however, is of no consequence as it "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." **Commonwealth v. Lehman**, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (citation omitted).